■ HICKS HOMES, INC., Respondent, v. LESTER RUBIN et al., Doing Business under the name of ELAR LUMBER Co., Appellants.— Judgment of the Supreme Court, Suffolk County, entered May 24, 1967 in favor of plaintiff after a nonjury trial, affirmed, with costs. In this action to recover damages for breach of a contract for the sale of lumber, plaintiff proved a contract whereunder defendants had promised to deliver to plaintiff, at agreed prices, lumber of specified dimensions and quantities. Plaintiff had the right to determine when deliveries were to be made. After several deliveries, defendants demanded that plaintiff accept and concurrently pay for daily deliveries of lumber, stating that otherwise defendants would consider the contract terminated. Plaintiff's president testified that, before defendants had made their first delivery, he went to defendants' office at the invitation of defendant Lawrence Rubin and there had a conversation with him. According to plaintiff's president, defendant Lawrence Rubin refused to deliver lumber unless plaintiff paid higher prices, demanded cash payments although defendants had agreed to make deliveries on credit, and threatened to "slow up the job" and commit other acts in order to escape defendants' obligations under the contract. Thereafter, on the direct examination of defendant Lawrence Rubin, defendants unsuccessfully offered in evidence a tape recording secretly made by defendant Lawrence Rubin of that conversation. The purposes of defendants' offer were to prove the actual conversation and the variance between plaintiff's president's testimony concerning that conversation and the conversation as it actually occurred. On continued direct examination, defendant Lawrence Rubin testified that, in his conversation with plaintiff's president, he told the latter that defendants would make deliveries "as he [plaintiff's president] called them in." In our opinion, though it was error to refuse admission of the tape recording (Fisch, New York Evidence [1968 Cumulative Supp.], § 144A), the error was insubstantial. Assuming, as defendants contend in this court, that the tape would have shown that plaintiff had agreed to pay for deliveries when they would be made, that defendants did not demand more money, and that defendants did not threaten plaintiff, defendants nevertheless breached the contract when, after the taped conversation, they demanded that plaintiff accept daily deliveries. Hence, what is on the tape is not relevant to the breach for which plaintiff has a judgment, except that, to defendants' own detriment, the tape would show that defendants undertook to deliver the lumber in

accordance with plaintiff's orders. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.